IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 2:14CR0003-1 |
| | ) (Financial Litigation Unit) |
| | ) |
| JOHN ALFRED DRIVER, | ) |
| and EASTERN BAND OF CHEROKEE INDIANS, | ) |
| Garnishee. | ) |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee, filed on November 4, 2015 (Docket#31) by the Garnishee, Eastern Band of Cherokee Indians ("Tribe"), and the Response of the United States filed on November 10, 2015 (Docket# 32).

On May 28, 2015, the Honorable Martin Reidinger, United States District Judge, sentenced Defendant to serve 120 months incarceration for his convictions for use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(iii). *See Judgment* (Docket# 23). As part of the Judgment, Defendant was ordered to pay a $100.00 criminal assessment, and restitution of

$3,865.36 to his victims. Subsequently, the United States sought to garnish Defendant's gaming *per capita* gaming revenue. On October 20, 2015 (Docket #27), the Court entered a Writ of Continuing Garnishment as to the Eastern Band of Cherokee Indians. The United States is entitled to garnish the *per capita* payments and has satisfied the prerequisites set forth in 15 U.S.C. §1673 and other applicable statutes.

The Tribe filed an answer on November 4, 2015 (Docket #31) setting forth objections and defenses to the Government=s right to garnish. On the basis of those objections, the Tribe requested this Court quash the government's garnishment.

The Tribe objected to the garnishment on the basis that Aany garnishment order in this action should be enforced through the Cherokee Court to ensure proper allocation of garnishment distributions. There is no legal authority cited in support of the Tribe's request. Any and all funds collected by the government are sent directly to the Clerk of Court, as is required, so that the Clerk may distribute the funds in accordance with applicable law and as ordered in each criminal judgment. There is no provision that allows the Tribe to distribute funds collected by, or on behalf of, the government, victims, or other entities. To do so would violate the statutory structure of criminal judgments, restitution, the Mandatory Victim Rights Act, and the Crime Victims' Rights Act. The government is not permitted to cede

its collection and distribution authority to the Tribe. This Court agrees that all funds collected by the government in all its criminal cases are properly allocated, including those collected from garnished *per capita* distributions, as they are distributed in accordance with applicable statutes and in accordance with the criminal judgments entered by the Court. The methods currently in place are effective, accurate, appropriate, and most importantly, compliant with the applicable laws.

IT IS THEREFORE ORDERED that the Tribe's objections, defenses, or set-offs and its motion to quash be overruled and denied.

IT IS FURTHER ORDERED that an Order of Garnishment is hereby **ENTERED** in the amount of $3,965.36, computed through October 20, 2015, which attaches to each *per capita* distribution of gaming revenues and that all said *per capita* distributions be garnished in favor of the United States until Defendant's restitution debt is paid in full.

Signed: November 10, 2015

Dennis L. Howell
United States Magistrate Judge